The first case in the morning called 210-1200. People of the State of Illinois v. Salvador Rubio. On behalf of the appellant, Ms. Kathleen Hamel. On behalf of the people, Mr. Marshall Steele. Good morning, Your Honor. Good morning. Kathleen Hamel from the Office of the State Appellant Defender, representing the petitioner appellant, Salvador Rubio. Mr. Rubio stands convicted of first degree murder. He was charged with both knowing murder and felony murder predicated on a burglary of the victim's car. And the jury was instructed on both forms of murder. However, it was given a general verdict form. The law does presume that he was convicted of the more serious version of the charge, and so that would be the known charge. So he stands convicted of that one. The defendant's conviction and his 60-year sentence were affirmed on direct appeal. This appeal is taken from an order summarily dismissing his post-conviction petition at first stage proceedings. In that petition, he alleged that he had received ineffective assistance from his trial attorney, who mistakenly informed him that because he was charged with felony murder, he was not entitled to second degree murder instructions. There was no affidavit from the defense counsel. There was not. Was there an attempt to obtain an affidavit? No. Generally, there are cases that observe that it's virtually impossible to expect an attorney to fill out an affidavit alleging his own ineffectiveness. I'm familiar with those cases, but in some of those cases, there was at least an effort. My question is, was there an effort to get an affidavit from the defense counsel? I'm actually not in a position to say for sure, but there is nothing on record. But nothing in his affidavit that indicated that he had attempted to get an affidavit. That's true. His affidavit was just his own. He made no reference to an attempt to have his lawyer sign an affidavit, correct? That's true. How about family members testifying or affidavits from family members that they spoke to the attorney? Yes, there were two affidavits, one by the defendant's father and one by his sister. It indicated that the attorney said that he was not eligible. Yes, that's not an option. That's right. What's the inference of the general verdict? Does it mean that the defendant was found guilty of both counts or one count? Well, it means he was found guilty of at least one count, and the law would presume that it was the more serious. Well, could the jury have found him guilty of murder and then found him not guilty of murder and executed both verdict forms? And we would then conclude that he was found guilty of one but not of the other? Well, they were only given a guilty or a not guilty. They were given both, weren't they? They were only supposed to fill one out. Oh, yeah. Yes, and so they filled out the guilty one. I see what you're saying. So when they filled out the guilty one, were they filling it out on just one count or on all counts? I suppose they could have. They could have made that error, but they didn't. Well, it doesn't sound like they made it. It sounds like whoever prepared the forms made it because they should have separated the counts. Absolutely. In a felony murder case, for sure they should have, and so that was one thing that went wrong here. Well, that issue wasn't raised, was it? No. The law allows them to do this. They can do this, but it does put us in this position when an allegation like this is brought before this court of not really knowing, and so that does raise an ambiguity. Well, let's talk about your issue with respect to waiver. It's your position that the defendant, in fact, waived this argument because he didn't raise it on prior appeals. Well, on the direct appeal, I did the direct appeal, and I can speak to that directly. I did not raise it because the heart of the claim was not on the record. The problem is that what we did have on the record was there was a conversation between defense counsel and the trial attorney where the judge asked. I'm sorry. I'm not trying to judge. Between defense counsel and the trial judge? Yeah, yeah, that's what I meant. Where the judge asked, you know, are we going to have second degree, and it actually seemed to be encouraging counsel to submit it saying, you know, there's even a shred of evidence. He said that counsel responded that he did not, not second degree, but self-defense, and counsel responded that he did not believe there was evidence sufficient for self-defense. However, while that may be true, I think I would agree that there wasn't evidence for a full defense of self-defense. There was of unreasonable, and that wasn't actually discussed on the record. And then later at the jury instructions conference, defense counsel, the court asked, you know, whether there was going to be a lesser included. Counsel said no, and then the judge asked the defendant directly, is this what you want? And he said yes. So it looked like, I mean, we don't know what happened between that conversation, which was several hundred pages of transcript before the jury instruction conference. So that would be something that was discussed off of the record. That's it. We are standing on that. That's at heart of our claim to self-defense. So then would it be waived if it were off the record? Well, on direct appeal, it wouldn't be waived, but it would be unsubstantiated. We just wouldn't have a record to support it. How about for the second stage of a post-conviction petition? Well, we're looking, that's exactly, well, actually it would be a third stage, I suppose, an evidentiary hearing. What we are asking this court to give us is simply an opportunity to present our allegation to the trial court and have the court make a finding of fact. Well, the state is entitled to answer the petition at the second stage. Yes, that would be the second stage. Motions are appropriate, and the state certainly could contest both cause and prejudice. Yes. Yes. And agree with that. And so actually we're looking for a second stage proceeding to go through that, and then hopefully we would like to see an evidentiary. What reasonable juror, even if you were to get a second-degree murder instruction, based upon this evidence, isn't it virtually certain the defendant would be convicted again, based on his statement that he was essentially a lookout while somebody else entered a car to take a lighter, which is a burglary? Well, he did not really say he was a lookout. He said, I was posting. I was posting. And a police officer said that meant he was looking out. But he himself didn't say that. And both he and the co-defendant said that Sanders basically, on his own, spontaneously drops his lighter in the puddle, and he sees another one, and he just climbs into the car to get it. And so that sounds like he's acting all by himself, and I think a juror could determine that he didn't expect participating. It was a burglary, and burglary is an entry. It's a crime of entry. My point is, there is a reason. You have a theory on which a jury could acquit for burglary based upon the lack of the defendant's knowledge, and therefore he would still be entitled to a self-defense instruction and a second-degree murder instruction on the shooting of the victim. Exactly. It might be a stretch, but that's your theory. Well, and the standard is, well, it is arguable. And so our position is that it is arguable that a juror could find that that defense existed to the felony murder. And it's also, we believe, arguable that the jury could have found that the defendant was not the initial aggressor, which is another problem with a self-defense in a situation like this. We think that's at least a question for the jury. Do we even need to get there? I mean, are we only here to determine whether or not the trial court erred in sua sponte, dismissing at the first stage level? Do we really need to get into the facts of the case at this point? No, not necessarily. Not necessarily. I think that what we really need to do is just assess whether or not the gist of a claim, whether or not it is arguable that if he was able to prove all this up, he would be entitled to relief. And the outcome of this trial might have been different. Regarding the prejudice prong of it, I think it's undeniable that had there been a second degree, it could have changed the outcome or given the option of finding a second degree. And that is because given the content of Mr. Rubio's statement to the police, he was put in a position where he couldn't really logically get up and say he didn't commit the shooting. He was kind of stuck with this. So the only real question at this trial was why. And the only conceivable motive would have been unreasonable self-defense. How about just killing a witness? That's a motive. Well, I suppose it is conceivable, but to kill a witness to a robbery of loose change, I mean, it's way more likely. I mean, he could have just run away. You know, he was not actually standing. The guy was obviously focused on the other kid. And also there was this battle going on, you know, which certainly makes it probable that what he was trying to do, and as he himself said, what he was trying to do was to extricate Mr. Sanders from this pummeling. I think it needs to be considered this was Super Bowl Sunday night. It was a bar. It was right after the Super Bowl ended. And the victim was a full-sized adult who comes barreling out of the bar probably inebriated or at least hyped up from the game. And he became disproportionately aggressive towards this 15-year-old in his car stealing his tollway change. Under these kind of circumstances, I mean, it must have been an extremely frightening experience for the defendant and his co-defendant. And so. Getting caught committing a felony usually is frightening. Yeah. Well, that, too. That, too. Although, again, Mr. Rubio was standing by while Mr. Sanders entered the car. So the statement you made about the victim's condition as to whether or not he was intoxicated, was there a BAC? Was there a blood alcohol content level introduced at trial? I'm sure there was. And I don't recall. I'm sorry. I believe it is on the record somewhere. It's one thing to say something to suggest that somebody is under the influence. No, I guess I'm just saying, you know, generally speaking, not so much under the influence, but under the influence of the game. In America, the Super Bowl just does get people going. So if what Mr. Rubio alleges in his petition is true, then he was denied. I'm sorry. I'm sorry. Does the record reflect whether or not the trial court judge said anything about merging the felony murder into the murder one? Or did he sentence him on both? He was sentenced only on the knowing. I'm fairly certain. And it was simply a simple one sentence of 60 years. So if what Mr. Rubio says in his petition is true, that he was denied effective assistance of counsel, we believe his allegations at least make it arguable that this was the case and, therefore, he has stated the justice of the claim. So we ask this court to reverse the summary dismissal order and to remand for a second stage proceeding. Thank you. Thank you. Mr. Stephens. Good morning, Your Honors. Let me talk first about something you just touched on briefly, and that would be the judge's rationale for granting the summary dismissal. That being that it could have been raised in the direct appeal, I think you'll notice that we agreed with the defendant that that was not, in fact, the case, but that you can uphold his ruling for any reason that's a valid reason, that it's apparent from the record. Well, at the first stage, a judge can dismiss, within the first nine days, if the petition is frivolous or patently without merit, correct? Correct. And frivolous or patently without merit basically is that there is not a gist of a constitutional claim, correct? Correct. In this case, was there not a gist of a constitutional claim? I don't think so. In effective assistance of counsel. Well, I don't think so, is there? Well, that's an elegant way of saying I would like to elaborate on that point. Yes, it's a gist, but the standard is that it's a gist unless you take the defendant's well-pleaded statements as true, unless they're refuted by the record. When do you have an opportunity to refute the record? At the first stage? Yeah, that's part of the first stage. When do you refute the record when supposedly what's transpired, transpired off the record? I'm taking the statements that were alleged to have been made off the record, the statement, I want to have second-degree instructions. I'm taking that as a true statement for this, which is, I think we all agree, that's the standard here, first stage. Obviously, the defendant doesn't have the opportunity to respond that he would in the second and third stage. But the point that I am trying to make is that what you do have from the record is whether or not Mr. Lee's belief that a self-defense-based instruction, either self-defense or second-degree murder, would be justified. And then you can look at the record. Then, excuse me, it's a question of whether or not the instruction would be justified. That's a different standard, maybe not much of a different standard, but it's slight evidence or some evidence, according to the cases. Just so I can encapsulate what I think you're trying to say, you're trying to say that if it is patently obvious that a second-degree murder instruction does not have a sufficient basis in the evidence of the original trial, then there was no reason for a second-degree murder instruction, and therefore, there cannot be any error, and therefore, it is frivolous. Very well put. But you were just talking about the standard of review. What is our standard of review here, if you would help me? For anything that would be related to the bringing of the PC, it's just, but that, in turn, depends on whether or not Mr. Lee's legal estimation was correct, which I think goes according to the slight or some evidence standard. No, the standard of review is de novo as to whether or not the petition presented is just of a constitutional claim. Right. That's correct. It's de novo, because this is a first stage, and you know the reason why. Actually, since it's de novo, I think that that gives us a good reason why you can't just consider directly the argument that I'm making. With regard to that point, then, the defendant somewhat takes us to task, because the cases that we cited, like Walls and Perazzo and all that, are direct appeal cases. But because you're being kicked over into the question of whether or not there's legal justification, I think that they are aptly cited. But did he waive, is there a waiver if what he is alleging occurred off of the record? I.e., he had a conversation with the lawyer, and the lawyer said, I'll make that determination. You don't have any determination, or you don't have any part in the jury instruction. I'm not sure I understand what you mean by the waiver. You're alleging that the defendant waived these arguments. He should have brought them on direct appeal, correct? No. You're not stating that? We agreed with the defendant that anything based on his statement to his attorney, which was off the record, could not have been brought on direct appeal. Correct. Right. But he had brought several appeals prior to this appeal on the post-conviction petition, correct? I think he had one direct appeal. So with respect to this particular appeal with the post-conviction petition, do you believe that he waived this issue he's bringing today and that he could have raised it earlier? No. Okay. So then what he in fact, you're stating that what in fact he's raising today occurred off of the record, correct? Yes. So then how does the trial court dismiss at the first stage? I don't think that the trial court was correct in its rationale. That's something I agreed with the defendant on. Okay. What I am saying is that now, since you are reviewing this de novo, you can consider what the trial court could have considered. What could they have considered that would cause us to say, even though he dismissed at the first stage and the defendant alleged the gist of a constitutional claim, we could still affirm? Tell us what we can do. I disagree with that last part. He doesn't allege the gist of a constitutional claim. In effective assistance. Because you have to show, it has to be based on the legal principle that was actually incorrectly understood by defense counsel, which is the point I'm getting to with respect to whether or not the instructions could have been given. That I think is a question that is, must be answered by the record. The defendant could have raised, as an ineffective assistance of counsel on the initial appeal, the failure to give a second degree or the failure to request a second degree based upon the record, correct? Based upon the record, yeah, I think he could have, but he would have been, of course, lacking the additional information alleged to have taken place off the record. But if the record, if the record would have justified a second degree or called for a second degree, couldn't the defendant have raised ineffective assistance of counsel despite not having the off the record conversation available? He could still have raised that issue on direct appeal, correct? Yes. Is that a forfeiture of that claim? Of that claim, yes, but in all fairness to the defendant, the defendant would say, you have to consider that taking my statements as well pleaded that I did ask for them and defense counsel said no. So then when does he have the opportunity to be heard on that argument that you just submitted to us? At what point does the defendant have the opportunity to be heard on what happened off the record? I'm saying that it doesn't make any difference whether or not he asked for the instructions. What I'm saying is that the instructions legally were not available based on the evidence that was submitted, which was all statements, I think fairly taking the record as a whole, all statements that completely negated any intent to act in self-defense or defense of another. So you wouldn't need the strike on standard is what you're saying, regardless? I would say, yeah, yeah, yeah, that defense counsel, if defense counsel is thinking what I'm arguing, was thinking what I'm arguing, then his legal performance was adequate and he did not make a mistake and he was telling the defendant the correct thing. Your argument is analogous to a situation where someone claims that their attorney should have filed a motion to suppress and the state's response is wouldn't have made any difference had he done so would have been denied anyway. Right, somewhat like that. People versus Everett, the Supreme Court said you can have a second degree murder instruction even where the defendant claims it was accident. Everett. Yeah, yeah, that was an interesting case. I started reading that case and I said, oh, well, maybe I should confess error. Maybe this is a loser because this is the Supreme Court. Then they go on and say, well, yes, but then the evidence has to be, I think it was, I forget the exact phrase they used. There has to be slight evidence and there wasn't. Right, but they used a slightly different phrase. I mean, they did state the standard for when an instruction is justified, but it's competent or believed by a reasonable jury, something to that effect. I apologize for not having the exact language on the tip of my tongue, but that's my point. Excuse me. It seems to me that in the cases that I cited, a slight evidence was distinctly different than a gist and slight is a higher standard. Everett itself, the defendant, you could have possibly, if you take gist as the least scintilla or iota or something from which you can construct a theory that the defendant believed a self-defense, then arguably there was such evidence, but the Supreme Court found that there wasn't. So I think that they were using a standard that was different than gist and higher, which is the point that I was making with reference to Walls and Perazzo and the various other ones. Counsel, one question. Can a defense attorney unilaterally make a decision as to what jury instructions to give? No. Did the defense attorney in this case do that? Or is that what Mr. Rubio alleged the defense in this case did? Yes. And when does he have the opportunity to present that to the court? Well, now, but the question is whether or not, even if that's so, does it have a legal effect? Does the record refute that that resulted in prejudice? So possibly. If there are no further questions. No, I'd like to commend you on your argument. I think it's fair and reasonable. Thank you very much. I have a response to your question earlier when you asked me whether or not the counts were merged. They were not because there was only one conviction. We only had one guilty verdict, a general verdict of guilty. So there was no need to merge counts. As a matter of law, the conviction is for the higher count anyway. That's right. So we don't have to debate that. That's right. Regarding when you were speaking to Mr. Stevens, you were addressing whether or not this could have been raised in the trial court. And really the question would be whether or not he could have requested self-defense instructions in the trial court. And I do think he could have. However, sometimes a client or, I mean, a defendant will adopt the strategy of going for all or nothing. And so there's no waiver of this sort of a claim in a post-conviction petition if he chose not to ask them. If in the trial court he had wanted self-defense and he had known he was entitled to it, then he could have chosen. It wouldn't have been crazy for him to choose not to do it. It would have just been one approach. However, in this case, we have a post-conviction allegation that that isn't what happened. We have an allegation that he made the decision based solely on this information that it was impossible for him to ask for a second degree. And because of the trial court's questions that he asked of defense counsel, the record clearly leans toward the fact that the trial court was considering giving those instructions had they been requested. I think so. She repeated the inquiry a couple of times and did emphasize using the word shred of evidence for it, which, of course, is what it takes for a defendant to be entitled to an instruction on his theory of the case. And finally, I don't think the gist standard has to do with scintillas and shreds. It has to do with whether or not the claim is arguable, whether or not it is arguable that the defense counsel was impacted. Have you ever defined something by saying what it's not? Well, it's not frivolous and it's not faithfully black-handed, Mary. Well, yes, yes. Or, as Ballard said, a dog, by this definition, is not a cat. Can you address the question that I asked? I'll get there in 45 minutes. Okay. Good for you if you can get it in 45 minutes. My question to Mr. Stevenson, if it is so clear that the defendant would have been entitled to a self-defense and a second-degree murder instruction, why was the claim that the effective assistance of counsel for failure to ask for those instructions not raised in the direct appeal? What I felt stood in the way on direct appeal was the fact that the defendant was on the record simply being asked, do you want, do you understand what your attorney is doing with the instructions? Are you in agreement? And he said, I'm in agreement. And so, as I say, a defendant can choose not to ask for second-degree or for lesser mitigated. Doesn't the People v. Medina tell us that the defense attorney needs to consult with the client and client and make that determination whether or not they want to proceed with the second degree or a lesser included? Yes. Yes, and there's a presumption, actually, if the defendant's on the record saying, I'm fine with this, that the consultation took place. And so it has to be the only way to rebut it, actually, is in a post-conviction claim or something. And clearly, a better practice would be for the court to directly ask the defendant, have you consulted with your client about a second-degree murder instruction, or would you tell me about a second-degree murder instruction? You understand that based on this record, you'd be entitled to it. That's the kind of conversation. Yes. Yes, then I wouldn't be here today. If I just have no other questions. No. I'm not sure you still wouldn't be here today. I don't have any other questions. Thank you. We'll take the case under advisement on a short recess.